NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50147 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00018-CJC-1 |
| v. | |
| JASON MACDONALD, AKA Brian Conn, AKA Jason McConnell, AKA Jason McGines, AKA Jason McGiness, AKA Jason Michael, AKA Brandon Tartaglia, AKA Jason R. Thomas, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Jason MacDonald appeals from the district court's judgment and challenges

the 48-month sentence imposed following his guilty-plea conviction for theft of

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

government property exceeding $1,000, in violation of 18 U.S.C. § 641. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

MacDonald absconded prior to his originally scheduled sentencing hearing. Although he acknowledges that this conduct justified the district court's imposition of an obstruction of justice enhancement under U.S.S.G. § 3C1.1, he contends that the court abused its discretion by failing to also grant him an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1. He argues that his was the "extraordinary" case in which both an obstruction of justice enhancement and an acceptance of responsibility reduction were warranted, *see* U.S.S.G. § 3E1.1 cmt. n.4, because his decision to abscond was motivated by his drug addiction rather than a desire to evade responsibility. The district court did not abuse its discretion in concluding otherwise. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The court acknowledged MacDonald's drug addiction, but reasonably determined that his obstructive conduct, which continued until he was arrested for new criminal conduct, was inconsistent with acceptance of responsibility. *See United States v. Rosas*, 615 F.3d 1058, 1066-67 (9th Cir. 2010) (holding that family-related motive for absconding did not create "extraordinary" case justifying an acceptance of responsibility adjustment despite imposition of obstruction of justice enhancement).

MacDonald's unopposed motion to file the unredacted reply brief under seal is granted. The Clerk will file under seal the reply brief at Docket Entry No. 32-2, and the motion to seal itself at Docket Entry No. 32-1.

**AFFIRMED.**